CARLO LAURIA, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lauria v. Commissioner
Docket No. 16430-89
United States Tax Court
T.C. Memo 1990-336; 1990 Tax Ct. Memo LEXIS 354; 60 T.C.M. (CCH) 37; T.C.M. (RIA) 90336; July 3, 1990, Filed *354 Respondent's motion will be granted, and a decision in the amounts set forth in the motion will be entered. Mike Jorgensen, for the respondent. COHEN, Judge. COHEN
MEMORANDUM OPINION Respondent determined deficiencies in and additions to petitioner's Federal income tax liability as follows: Additions to Tax
Sec.
Sec.
Sec.
Sec.
Year
Deficiency
6653(b)(1)
6653(b)(2)
6653(b)(1)(A)
6653(b)(1)(B)
1985
$ 4,657
$ 2,329
50% of the
interest due
on $ 4,657
1986
9,323
--
--
$ 6,992
50% of the
interest due
on $ 9,323
1987
2,687
--
--
2,015
50% of the
interest due
on $ 2,687
*355 Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended and in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. This case is presently before the Court for ruling on respondent's Motion for Summary Judgment. In response to the notice of deficiency, petitioner sent to the Court a letter indicating his desire to contest respondent's determination. That letter was filed July 5, 1989, as an imperfect petition, and petitioner was ordered to file a proper petition. Petitioner filed an Amended Petition, which stated only that "The deficiency is incorrect for years 1985 -- 1987." Thereafter petitioner filed an Amendment to Amended Petition in which he alleged "I did not receive enough credit for years 1985 -- 1987. Your conclusion for the deficiency is based on erroneous facts." Petitioner's pleadings thus failed to contain any clear assignments of error or statements of the facts on which petitioner bases his assignments of error, as required by Rule 34(b). In his Answer to Amended Petition as Amended, respondent set forth specific and detailed allegations of the facts on which he *356 relies in support of the additions to tax for fraud. Specifically, respondent alleged in part: (b) * * * [During the years 1985 through 1987], the petitioner operated a Schedule C drywall business, as well as worked as a drywall employee. The petitioner installed drywall in both new construction and in remodeled construction projects. (c) The petitioner filed two Forms Schedule C to his individual income tax return for 1985. One Form Schedule C listed the business as "drywall finisher." The second Schedule C listed the business as "drywall contractor." * * * (e) The petitioner failed to keep books and records regarding his drywall activities. In order to determine petitioner's tax liabilities, the Commissioner used an indirect "cash expenditures over known sources of taxable/nontaxable sources of income" method of proof. (f) The petitioner kept a draft (checking) account at the NCNB Bank, located in or around Tampa, Florida and an account at Tampa Building Trades Credit Union. The petitioner deposited money into the accounts from loan proceeds, real property closings, and rents. (g) The petitioner rarely deposited the money he received from drywall installation *357 into the foregoing accounts at NCNB Bank or the Credit Union. (h) The petitioner also built dwellings, not as a trade or business, but for investment. During the years 1984, 1985 and 1986, the petitioner built a house in Seffner, Florida. (i) The Seffner house sold for $ 44,500 in 1986. (i) The Seffner house lot cost $ 7,400. (k) The Seffner house cost $ 10,775 in construction costs, $ 3,252 in closing costs and $ 104 for taxes. (l) The petitioner built a second house at 10413 N. Hartts Drive, Tampa, Florida in 1986 and 1987 that sold in 1987 for $ 69,500. (m) The Hartts house lot cost $ 17,000. (n) The Hartts house cost $ 30,312 in construction costs ($ 19,538 in 1986 and $ 10,774 in 1987), $ 7,702 in closing costs and $ 97.00 for taxes. (o) The petitioner omitted income on his tax returns for the years 1985, 1986 and 1987 in the amounts of $ 15,942, $ 25,653, and $ 9,914, respectively. * * * (q) The petitioner incurred legal costs in 1987 that he deducted on Schedule A as a miscellaneous deduction. The legal costs were incurred by petitioner in defending against a traffic violation. (r) In 1985, the petitioner purchased equipment in the amount of $ 3,140. *358 (s) In 1985, the petitioner made payments on real estate of $ 1,105 (related to the housing costs for the Seffner house). (t) In 1985, the petitioner incurred personal living expenses of $ 14,516. (u) In 1985, the petitioner paid taxes of $ 1,265 (unrelated to the taxes paid on the Seffner or Hartts houses). (v) In 1986, the petitioner's increase in bank accounts was $ 4,733. (w) The petitioner made payments towards real estate of $ 36,538 in 1986 (related to the housing costs for the Seffner and Hartts houses). (x) In 1986, the petitioner repaid loans of $ 924. (y) In 1986, the petitioner made payments on personal assets of $ 400. (z) In 1986, the petitioner incurred personal living expenses of at least $ 9,791. (aa) In 1987, the petitioner's increase in bank accounts was $ 36,031. (ab) The petitioner made payments towards real estate of $ 10,774 in 1987 (related to the Hartts house costs). (ac) In 1987, the petitioner incurred personal living expenses of at least $ 14,061. (ad) In 1987, the petitioner paid taxes of $ 145 (unrelated to the Seffner or Hartts houses). (ae) In 1985, the petitioner made salary payments of $ 5,834. He received a federal tax *359 refund of $ 527 in 1985. (af) In 1985, the petitioner's decreases in bank accounts were $ 132. (ag) In 1986, petitioner's interest income was $ 200. He also received loan proceeds of $ 6,500, and federal tax refunds of $ 854. (ah) In 1987, the petitioner's salary expenses were $ 813. (ai) The petitioner omitted gross receipt income from his tax return for 1985 in the amount of $ 11,813. (aj) In 1986, the petitioner omitted gross receipt income from his tax return in the amount of $ 5,631. (ak) In 1987, the petitioner omitted gross receipt income from his tax return in the amount of $ 5,153. (al) The petitioner did not maintain books or records of income or expenses for his Schedule C businesses or house constructions. (am) The petitioner answered that he was not involved with any real estate transactions during the year 1986 when he was questioned by Revenue Agent Kelly Myers on January 20, 1988. (an) The petitioner's personal living expenses were at least the following for the years in question: 1. Home
$   250/month
2. Auto
33/month
3. Utilities
175/month
4. Food
175/month
5. Entertainment
50/month
6. Misc. Insurance
304/month
7. Home Insurance
22/month
total monthly costs
$ 1,009/month
*360 (ao) Except for a loan from the petitioner's credit union in 1986 for approximately $ 6,500, the petitioner received no loans, gifts , inheritances or other nontaxable income during the years 1985 through 1987. (ap) The petitioner failed to give his returns preparer substantiation for all expenses he claimed on his returns in question. (aq) The petitioner concealed from his returns preparer the petitioner's total amount of income he received during the years in question. (ar) For the years 1985 through 1987, the petitioner has attempted to evade the payment of taxes on $ 15,942, $ 25,653 and $ 9,914 of taxable income. (as) Of the amounts found in subparagraph (ar), for the years 1986 and 1987, the petitioner is liable for self-employment tax on $ 12,344 and $ 5,530, respectively. (at) For the years 1985 through 1987, the petitioner evaded the payment of $ 4,657.00, $ 7,292.00 and $ 2,172.00, respectively, in federal income tax. (au) A part, if not all, of the underpayment of the tax required to be shown on the petitioner's returns for each of the taxable years in question, is due to fraud. Thereafter, respondent filed a Motion for Entry of Order that Undenied Allegations *361 in Answer be Deemed Admitted. The Court served on petitioner a notice of filing of the motion which stated: If petitioner files a reply as required by Rule 37(a) and (b) of this Court's Rules on or before February 8, 1990, respondent's motion will be denied. If petitioner does not file a reply as directed herein, the Court will grant respondent's motion and deem admitted for purposes of this case the affirmative allegations in the answer. Petitioner failed to file a reply, and on February 16, 1990, respondent's Motion for Entry of Order that Undenied Allegations in Answer be Deemed Admitted was granted. Thus, the facts set forth above have been deemed admitted by petitioner. On April 30, 1990, respondent filed a Motion for Summary Judgment. Respondent's motion contains a recomputation of the deficiencies and additions to tax based on a concession in respondent's answer that petitioner is entitled to have certain income treated as capital gain under section 1231 rather than ordinary income. Petitioner's taxable income for 1986 and 1987 is therefore recomputed as $ 19,345 and $ 14,757, respectively. The resulting tax liabilities for 1986 and 1987 are $ 3,321 and $ 2,172, *362 respectively. The resulting liabilities for additions to tax are as follows: 1986
1987
Sec. 6653(b)(1)(A)
$ 2,491
$ 1,629
Sec. 6653(b)(1)(B)
50% interest
50% interest
due on
due on
$ 3,321
$ 2,172
Respondent asserts that petitioner's liability for the recomputed deficiencies may be decided as a matter of law based on the facts deemed admitted by petitioner as a result of his failure to file a reply. See Doncaster v. Commissioner, 77 T.C. 334, 337-338 (1981). Petitioner was ordered to serve on respondent and file with the Court by June 1, 1990, a written response to respondent's Motion for Summary Judgment. Petitioner has failed to comply with that Order and has given us no reason to deny respondent's motion. As a result of petitioner's failure to comply with our rules and orders, it is established for purposes of this case that petitioner had unreported income during the years in issue; that he concealed that income from his preparer; that he made false statements to a revenue agent about his liability for 1986; and that he underpaid his taxes for each of the years in issue. He has also admitted that a part, *363 if not all, of the underpayment of the tax required to be shown on his returns for each year is due to fraud. Thus respondent has satisfied his burden of proving fraud by clear and convincing evidence. Sec. 7454(a); Rule 142(b); Doncaster v. Commissioner, supra.
As to the deficiencies determined by respondent, petitioner has the burden of proof. He has given us no reason to believe that respondent's determinations, as adjusted pursuant to respondent's concessions in the answer, are erroneous. Petitioner is in default of our rules and orders, and a decision may be entered against him. Rule 123. As a result, there is no genuine issue as to any material fact, and a decision may be rendered as a matter of law under Rule 121. Respondent's motion will be granted, and a decision in the amounts set forth in the motion will be entered.